Traeger Machetanz, ABA #8411127
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Phone: 206-757-8337
Fax: 206-757-7337
E-mail: traegermachetanz@dwt.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of GMW FIRE PROTECTION, INC., an Alaska corporation, <br><br> Plaintiff, <br><br> vs. <br><br> KIEWIT BUILDING GROUP, INC., a Delaware corporation; and TRAVELERS CASUALTY AND SURETY CO. OF AMERICA, a Connecticut corporation; <br><br> Defendants. | Case No. 3:16-cv-_____ <br><br> **MILLER ACT COMPLAINT** |

Plaintiff United States of America for the use and benefit of GMW Fire Protection, Inc. ("GMW") by and through its counsel of record and for its Complaint against Kiewit Building Group, Inc. ("KBG") and Travelers Casualty and Surety Co. of America ("Travelers") alleges, states, and claims as follows:

MILLER ACT COMPLAINT   *U.S. ex rel. GMW Fire Protection, Inc. v. Kiewit Building Group, Inc. et al.*
Page 1 of 9
DWT 30460709v2 0106854-000001
Case 3:16-cv-00253-TMB   Document 1   Filed 10/26/16   Page 1 of 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150   Fax: (206) 757-7700

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff United States of America is a party to this action pursuant to the requirements of 40 U.S.C. § 3133(b)(3)(A).

2. Plaintiff GMW is an Alaska corporation with its principal place of business in Anchorage, Alaska, in good standing, having paid all taxes and filed all reports which are a prerequisite to its right to bring this action.

3. On information and belief, Defendant KBG is a Delaware corporation with its principal place of business in Omaha, Nebraska.

4. On information and belief, Defendant Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

5. The court has jurisdiction over this action pursuant to 40 U.S.C. § 3133(b)(1) and 28 U.S.C. § 1331, as well as 28 U.S.C. § 1332(a)(1) as this action is between citizens of different states and the matter in controversy exceeds $75,000.

6. Venue is appropriate in this district pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2), as the subcontract between KBG and GMW was to be performed in this district, as well as pursuant to a forum-selection clause in GMW's subcontract with KBG.

## II. STATEMENT OF FACTS

7. GMW hereby re-alleges the allegations made in paragraphs 1-6 above and further states and alleges as follows:

MILLER ACT COMPLAINT   *U.S. ex rel. GMW Fire Protection, Inc. v. Kiewit Building Group, Inc. et al.*
Page 2 of 9
DWT 30460709v2 0106854-000001
Case 3:16-cv-00253-TMB   Document 1   Filed 10/26/16   Page 2 of 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150   Fax: (206) 757-7700

8. On information and belief, on or about June 18, 2012, the United States of America ("Government") and KBG entered into a contract (the "Prime Contract") for the construction of the FTR 251 Brigade Combat Team (BCT) Light Complex, Phase 1 (W911KB-12-C-0011) at JBER (the "Project").

9. The Project called for the construction of a five-story barracks with 480 living and sleeping quarters, as well as baths, common areas, and storage and service areas, plus associated site work and the demolition of four existing buildings on the Project site.

10. On or about June 11, 2012, KBG, as prime contractor, and Travelers, as surety, executed Payment Bond No. 9000-0045 guaranteeing full payment to persons or entities that supplied labor and/or materials in connection with the Project. The penal sum of the bond was $53,805,300. A true and accurate copy of the payment bond is attached as **EXHIBIT 1.**

11. On or about June 22, 2012, KBG issued GMW a partial Notice of Intent to Subcontract and Notice to Proceed.

12. On or about August 16, 2012, KBG entered into a subcontract (Subcontract No. S-003) whereby GMW agreed to perform certain design and installation work on a sprinkler system and other fire protection for the Project. A true and correct copy of GMW's subcontract with KBG is attached as **EXHIBIT 2.**

13. The subcontract price for the work GMW agreed to perform originally was $579,000.

MILLER ACT COMPLAINT  *U.S. ex rel. GMW Fire Protection, Inc. v. Kiewit Building Group, Inc. et al.*
Page 3 of 9
DWT 30460709v2 0106854-000001
Case 3:16-cv-00253-TMB   Document 1   Filed 10/26/16   Page 3 of 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150   Fax: (206) 757-7700

14. At the time GMW entered into its subcontract with KBG, GMW planned on completing its work in accordance with the known Project schedule. Under this schedule, GMW's work originally was to have been completed on October 21, 2013.

15. GMW mobilized to the Project site in July 2013 and began rough-in work in August 2013.

16. Beginning on or about December 13, 2013, the Government issued a series of modifications concerning wall-installation and fire-related assembly work on the Project (the P00045, P00049, P00053, P00056, and P00060 modifications; collectively the "45/60 Modifications").

17. Although they did not directly involve GMW's work, the 45/60 Modifications caused GMW to incur additional labor costs resulting from rework and interference as crews worked to complete requirements under the 45/60 Modifications. The Government issued the last of the 45/60 Modifications on or about August 28, 2014.

18. As a result of the 45/60 Modifications, GMW's rough-in work was interrupted and suffered inefficiencies. This included GMW having to re-direct work multiple times in different areas than planned, changing work sequences with respect to when pipe and pipe hanger installation was performed, regularly restocking and moving materials to different areas, and needing to employ two crews to install pipe and pipe hangers due to resequencing.

MILLER ACT COMPLAINT  *U.S. ex rel. GMW Fire Protection, Inc. v. Kiewit Building Group, Inc. et al.*
Page 4 of 9
DWT 30460709v2 0106854-000001

Case 3:16-cv-00253-TMB   Document 1   Filed 10/26/16   Page 4 of 9

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150   Fax: (206) 757-7700

19. GMW did not complete rough-in work until July 2014 and required approximately 1,400 additional man-hours than originally estimated in GMW's subcontract with KBG.

20. GMW also suffered inefficiencies during the finish trim portion of its work following its rough-in work. GMW was required to keep a representative on-site from July 2014 until September 2015 to support other crews performing work related to the 45/60 Modifications and to install sprinkler finish trim. This work required approximately 1,532 additional man-hours than originally estimated in GMW's subcontract with KBG.

21. GMW last provided goods and services to the Project on or about March 10, 2016.

22. GMW has presented to KBG claims for unpaid amounts which it currently believes are the responsibility of the Government or KBG. KBG has elected to pass through a GMW claim related to inconsistent requirements for bathroom sprinkler installations, as well as a GMW claim for extended front-office overheard/supervision costs.

23. However, KBG has represented that it will not pass through in full certain other claims GMW has submitted. GMW believes it has direct claims against KBG for those unpaid amounts, and those claims are the subject of this Complaint. GMW's specific claims against KBG are as follows:

MILLER ACT COMPLAINT  *U.S. ex rel. GMW Fire Protection, Inc. v. Kiewit Building Group, Inc. et al.*
Page 5 of 9
DWT 30460709v2 0106854-000001
Case 3:16-cv-00253-TMB   Document 1   Filed 10/26/16   Page 5 of 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150   Fax: (206) 757-7700

a. GMW incurred damages of $88,298, plus 20 percent markup, for impact costs to GMW's rough-in work resulting from the issuance of the 45/60 Modifications.

b. GMW incurred damages of $114,222, plus 20 percent markup, for impact costs to GMW's finish trim work resulting from the issuance of the 45/60 Modifications.

24. GMW has made repeated demands for payment from KBG for the damages described in Paragraph 23. KBG has failed to adequately respond to GMW's demands.

### III. CAUSES OF ACTION

### COUNT I
### PAYMENT BOND CLAIM

25. GMW re-alleges and fully incorporates the statements made in Paragraphs 1 through 24 and further states and alleges as follows:

26. The Project for which GMW provided labor and materials is a federal construction contract, which required KBG to furnish a payment bond pursuant to 40 U.S.C. § 3131 *et seq.* (the "Miller Act").

27. More than 90 days, but less than one year, has elapsed since GMW last performed work on the Project.

28. Despite GMW's demands, KBG has failed to pay the amounts claimed by GMW.

29. In accordance with the terms of the bond and the Miller Act, Travelers is liable to GMW for the principal sum of $243,029, representing unpaid amounts GMW is owed by KBG. GMW is entitled to recovery against the bond.

### COUNT II

MILLER ACT COMPLAINT  *U.S. ex rel. GMW Fire Protection, Inc. v. Kiewit Building Group, Inc. et al.*
Page 6 of 9
DWT 30460709v2 0106854-000001
Case 3:16-cv-00253-TMB   Document 1   Filed 10/26/16   Page 6 of 9

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150   Fax: (206) 757-7700

## BREACH OF EXPRESS CONTRACT

30. GMW re-alleges and fully incorporates the statements made in Paragraphs 1 through 29 and further states and alleges as follows:

31. GMW and KBG entered into a subcontract under which GMW agreed to supply certain labor and services for the Project and KBG agreed to pay GMW for that work.

32. GMW supplied the labor and services required by GMW's subcontract with KBG, which labor and services were accepted by KBG and incorporated into the Project, but KBG has failed to pay GMW and KBG in full for the labor and services performed.

33. KBG's failure and/or refusal to pay GMW in full constitutes a breach of the parties' subcontract.

34. As a direct and proximate result of the breach, GMW has incurred damages in the amount of $243,029, plus interest. The exact amount will be proven at trial.

## COUNT III
## QUANTUM MERUIT

35. GMW re-alleges and fully incorporates the statements made in Paragraphs 1 through 34 and further states and alleges as follows:

36. GMW provided valuable labor and services to KBG that were necessary for KBG to perform and complete its obligations under the Prime Contract with the Government for the Project.

MILLER ACT COMPLAINT — *U.S. ex rel. GMW Fire Protection, Inc. v. Kiewit Building Group, Inc. et al.*
Page 7 of 9
DWT 30460709v2 0106854-000001
Case 3:16-cv-00253-TMB   Document 1   Filed 10/26/16   Page 7 of 9

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150   Fax: (206) 757-7700

37. KBG benefited from GMW's labor and services, including but not limited to the fact that KBG could not have fully performed and completed its obligations to the Government in the absence of the labor and services that GMW provided.

38. KBG has failed and refused to pay GMW for the labor and services referenced herein.

39. GMW has incurred damages and KBG has been unjustly enriched in an amount totaling not less than $243,029, plus interest, the value of the uncompensated labor and services GMW provided to KBG.

## IV. PRAYER FOR RELIEF

Wherefore, having fully alleged its claims herein, GMW respectfully prays for the following relief:

1. For judgment against KBG and Travelers, and in favor of GMW;

2. For an award of damages for GMW in an amount not less than $243,029, the exact amounts of which will be proven at trial;

3. For pre- and post-judgment interest as allowed by the applicable statutes and civil rules;

4. For actual reasonable attorneys' fees as allowed by the applicable rules and regulations, statutes, civil rules, and the parties' subcontract;

5. For costs as allowed by the applicable statutes and civil rules; and

6. For all such other and further relief as the Court deems just and equitable.

DATED this 25th day of October, 2016, at Anchorage, Alaska.

MILLER ACT COMPLAINT *U.S. ex rel. GMW Fire Protection, Inc. v. Kiewit Building Group, Inc. et al.*
Page 8 of 9
DWT 30460709v2 0106854-000001
Case 3:16-cv-00253-TMB   Document 1   Filed 10/26/16   Page 8 of 9

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150   Fax: (206) 757-7700

Davis Wright Tremaine LLP
Attorneys for GMW Fire Protection, Inc.

By _____
Traeger Machetanz, ABA #8411127

MILLER ACT COMPLAINT     *U.S. ex rel. GMW Fire Protection, Inc. v. Kiewit Building Group, Inc. et al.*
Page 9 of 9
DWT 30460709v2 0106854-000001
Case 3:16-cv-00253-TMB   Document 1   Filed 10/26/16   Page 9 of 9

**Davis Wright Tremaine LLP**
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150    Fax: (206) 757-7700